UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

| | |
|---|---|
| **IN THE MATTER OF:** | CHAPTER 13 |
| Curtis C. Rayner, Debtor(s). | CASE NO. 18-51763-MLO |
| / | JUDGE MARIA L. OXHOLM |

### TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

**NOW COMES,** the Chapter 13 Trustee, Tammy L. Terry, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to E.D. Mich. L.B.R. 3015-3(a) and 11 U.S.C. §1307(c)(5) as follows:

1. The Plan fails to provide that 100% of all future tax refunds received by the debtor during the pendency of the Plan be remitted to the Trustee for distribution among creditors in contravention of 11 U.S.C. 1325(b)(1)(B) and In re Freeman, 86 F.3d 478 (6th Cir., 1996).

2. The Plan fails to increase its funding upon the termination of the obligation to Ally Financial in contravention of 11 U.S.C. 1325(b)(1)(B) and 11 U.S.C. 1325(a)(3).

3. The Plan fails to increase its funding upon the termination of the obligation to CP Federal Credit Union in contravention of 11 U.S.C. 1325(b)(1)(B) and 11 U.S.C. 1325(a)(3).

4. Based upon a **proof of claim** filed by Ally Financial, the obligation owing for a automobile is in **arrears.** Direct payment to such creditor is therefore not justified under E.D. Mich. L.B.R. 3070-1.

5. The debtor's Plan proposes that the debtor remit monthly automobile payments in the amount of $178.00 to CP Federal Credit Union for a 2007 Harley Davidson. The amount of such monthly payment, however, is not reasonably necessary for the debtor's maintenance and support as required by 11 U.S.C. 1325(b). See, In re Rogers, 65 B.R. 1018 (Bankr. E.D. Mich., 1986). Trustee requests that debtor(s) increase best effort by $178.00 and the dividend to unsecured creditors accordingly.

6. The debtor's Plan proposes that the debtor remit monthly automobile payments in the amount of $854.00 to Ally Financial for a 2016 Camaro. The amount of such monthly payment, however, is not reasonably necessary for the debtor's maintenance and support as required by 11 U.S.C. 1325(b). See, In re Rogers, 65 B.R. 1018 (Bankr. E.D. Mich., 1986). Trustee requests that debtor(s) increase best effort by $854.00 and the dividend to unsecured creditors accordingly.

7. The Trustee objects to the debtor's failure to fully complete the Bankruptcy Petition Coversheet, as the debtor has failed to complete Part 3. The Trustee requests that the debtor amend the Bankruptcy Petition Coversheet accordingly.

**WHEREFORE,** the Chapter 13 Trustee requests this Honorable Court deny confirmation of the debtor's (s') Chapter 13 Plan and dismiss this case pursuant to 11 U.S.C. §1307(c)(5).

OFFICE OF THE CHAPTER 13 TRUSTEE-DETROIT
Tammy L. Terry, Chapter 13 Trustee

January 4, 2019

**/S/ TAMMY L. TERRY (P-46254)**
Chapter 13 Standing Trustee
/s/ KIMBERLY SHORTER - SIEBERT (P-49608)
/s/ MARILYN R. SOMERS-KANTZER (P-52488)
Staff Attorneys
535 Griswold, Suite 2100
Detroit, MI 48226
(313) 967-9857
mieb_ecfadmin@det13.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

Curtis C. Rayner, Debtor(s).
_____/

CHAPTER 13
CASE NO. 18-51763-MLO
JUDGE MARIA L. OXHOLM

## CERTIFICATE OF MAILING

I hereby certify that on January 4, 2019, a copy of **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** was electronically filed with the Clerk of Court, served electronically to the debtor's(s') attorney and a copy of same deposited in the U. S. Mail to the debtor (s) at the address as it appears below.

/s/ LaToya Ethridge
For the Office of the Chapter 13 Trustee-Detroit
535 Griswold, Suite 2100
Detroit, MI 48226
(313) 967-9857
mieb_ecfadmin@det13.net

Curtis C. Rayner
750 Ellery Avenue
Jackson MI 492020000

BABUT LAW OFFICES PLLC
700 TOWNER ST
YPSILANTI MI 481980000